IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ALEXANDRA JONES, JR.,
# 15092-030                                                                                             PLAINTIFF

VS.                                                        CIVIL ACTION NO.  3:20-cv-24-CWR-FKB

UNITED STATES OF AMERICA                                                              DEFENDANT

### REPORT AND RECOMMENDATION

Before the Court is the Motion to Dismiss, or in the alternative, Motion for Summary Judgment [26] filed by Defendant United States of America in this action brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a).  Plaintiff, Alexandra Jones, Jr., has responded to the motion, *see* [28], [29], [30], [33], [34], and Defendant has filed a reply [31]. For the reasons explained in this Report and Recommendation, the Court finds that the motion should be granted in part and denied in part.

Jones is a federal prisoner in the custody of the Bureau of Prisons ("BOP"), who was incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi ("FCC-Yazoo"), from February to December 2017.  [26-5].  He is currently housed at the U.S. Penitentiary in Atlanta, Georgia.  [13-1].  He originally filed this FTCA action in April 2019 in the United States District Court for the Northern District of Alabama, and it was transferred to this Court in January 2020.  [6].

Jones asserts (1) a medical malpractice claim for a physician's alleged failure to diagnose a left inguinal hernia, when performing surgery on his right inguinal hernia, (2) a medical malpractice claim for FCC-Yazoo medical staff personnel "failing to properly diagnose and diligently provide adequate medical treatment" for his hernias, [1] at 6-8, and (3) negligence

claims for FCC-Yazoo personnel failing to assign him to a bottom bunk and timely schedule his right inguinal hernia surgery. Defendant's motion contends that (1) the medical malpractice claims should be dismissed on the grounds that the physician was an independent contractor and for failure to present expert testimony in support of the claims,[1] and (2) the negligence claims should be dismissed for failure to establish negligence under Mississippi law.

I.    RELEVANT STANDARDS

Defendant has moved for dismissal of Jones's claims under the FTCA for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1).  When considering a motion under Rule 12(b)(1), "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  *Den Norske Stats Oljeselskap As v. HeereMac Vof,* 241 F.3d 420, 424 (5th Cir.2011).

To the extent a defendant submits matters outside the pleadings, the motion will be treated as a motion for summary judgment and analyzed under the applicable standards of Rule 56 of the Federal Rules of Civil Procedure.  *Johnson v. King*, Civil Action No. 2:09cv168-MTP, 2010 WL 4638213, *1 (S.D. Miss. May 18, 2010) (citing *Young v. Biggers*, 938 F.2d 565, 568 (5th Cir. 1991)).  Rule 56 states, in relevant part, that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuine if the

---

[1] In its motion, Defendant includes Plaintiff's claim for FCC-Yazoo personnel's failure to timely schedule the right inguinal hernia surgery only in its analysis of the medical malpractice claim. Having reviewed Plaintiff's complaint, it appears to the undersigned that Plaintiff may intend to assert both a medical malpractice claim and negligence claim in relation to FCC-Yazoo personnel's alleged failure to timely schedule the surgery. The undersigned will, therefore, analyze this claim under the standards applicable to a medical malpractice claim and negligence claim.

"'evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party.'" *Lemoine v. New Horizons Ranch and Center*, 174 F.3d 629, 633 (5th Cir. 1999) (quoting *Colston v. Barnhart*, 146 F.3d 282, 284 (5th Cir.), *cert. denied*, 119 S.Ct. 618 (1998)). Issues of fact are material if "resolution of the issues might affect the outcome of the suit under governing law." *Lemoine*, 174 F.3d at 633. The Court does not, "however, in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (emphasis omitted). Moreover, the non-moving party's burden to come forward with "specific facts showing that there is a genuine issue for trial,*" Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), is not satisfied by "conclusory allegations" or by "unsubstantiated assertions," or by only a "scintilla" of evidence. *Little*, 37 F.3d at 1075.

## II. PLAINTIFF'S CLAIMS

According to Jones's filings, he had suffered from a right inguinal hernia for several years before he arrived at FCC-Yazoo. [1] at 5. He claims that despite having a bottom bunk permit due to his hernia, FCC-Yazoo denied him a bottom bunk and "forced [him] to climb to the top bunk," which caused pain and suffering and "exascerbat[ed] [his] injury." *Id*. at 6, 21.

On June 19, 2017, Jones saw James Russell Rooks, M.D. for his hernia. *Id*. at 16. In the medical records for the visit, Dr. Rooks stated that Jones had a "very large right inguinal hernia" that warranted "urgent repair," was "quite tender," and "probably should be repaired in the next two to four weeks." *Id*. at 16. Jones asserts that FCC-Yazoo personnel were grossly negligent, because the surgery did not occur until September 20, 2017, more than twelve weeks later. *Id*. at 6; *see* [28-1].

3

Jones claims that when Dr. Rooks performed his right inguinal hernia surgery, he committed malpractice by failing to diagnose and repair a left inguinal hernia, which Jones contends also existed at that time. In his complaint, Jones states that

> it is the common understanding amongst all competent doctors that while performing laparoscopic surgery on a right inguinal hernia, the surgeon then should make a small incision in the lower left abdomen and insert a laparoscope - a thin tube with a tiny video camera attached to one end; the camera then sends a magnified image from inside the body to a monitor, giving the surgeon a close-up view of the surrounding tissue to determine whether repair is warranted on the left side like the right.

[1] at 7. Jones contends that by failing to diagnose and repair a left inguinal hernia at that time, Dr. Rooks breached the applicable standard of care. And he claims that he "had to endure unnecessary excruciating pain, suffering, and humiliation as he had to undergo another surgical repair nearly one year later." *Id*. at 10. Jones had surgery on a left inguinal hernia on August 6, 2018. [28-2].

### III.   DISCUSSION

Jones has brought this action pursuant to the FTCA, by which the United States has consented to be sued for "injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b).  This limited waiver of sovereign immunity "is jurisdictional in nature so that if the action is barred, the Court lacks subject matter jurisdiction over plaintiff's claim." *Johnson v. United States*, 2000 WL 968795, *2 (D. Kan. June 27, 2000) (citing *Bradley v. United States*, 951 F.2d 268, 270 (10th Cir. 1991)).  "Courts must strictly construe all waivers of the federal government's sovereign immunity, and must resolve all ambiguities in favor of the sovereign." *Linkous v. United States*, 142 F.3d 271, 275 (5th Cir. 1998)(citing *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992)).

A. Independent Contractor

Defendant argues that Dr. Rooks was an independent contractor, and therefore, his actions cannot be attributed to the United States. Indeed, the FTCA does not extend to acts of independent contractors. *Linkous*, 142 F.3d at 275. "Therefore, if the act was not committed by an 'employee of the Government,' then the court must dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." *Id.*

"The critical factor in determining whether an individual is an employee of the government or an independent contractor is the power of the federal government to control the detailed physical performance of the individual." *Id.* at 275; *see Creel v. United States*, 598 F.3d 210 (5th Cir. 2010) (finding that an orthopedic surgeon who performed knee surgery at the Montgomery Veterans Affairs Medical Center in Jackson, Mississippi, was an independent contractor). The Fifth Circuit has identified other factors to consider, as follows:

(a) the extent of control which, by the agreement, the master may exercise over the details of the work;
(b) whether or not the one employed is engaged in a distinct occupation or business;
(c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;
(d) the skill required in the particular occupation;
(e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;
(f) the length of time for which the person is employed;
(g) the method of payment, whether by the time or by the job;
(h) whether or not the work is a part of the regular business of the employer;
(i) whether or not the parties believe they are creating the relation of master and servant; and
(j) whether the principal is or is not in business.

*Creel*, 598 F.3d at 213-214.

In this complaint, Jones admitted that the surgeon was "outsourced by the BOP," [1] at 10. And the factors clearly weigh in favor of finding that Dr. Rooks was an independent contractor, not an employee of the government.

First and foremost, the BOP had no control over the "detailed physical performance" of the medical services Dr. Rooks provided to Jones. Although the BOP may have scheduled appointments with Dr. Rooks, his business was separate and distinct from the BOP. Defendant supports its motion with documents showing that Dr. Rooks was hired and paid by a third-party company that contracts for medical services with the BOP. [26-4]. Throughout Plaintiff's medical records, Dr. Rooks is referred to as providing surgery consultation. *See* [26-4] at 1, 3, 14, 16, 18. And according to the medical records, the surgery was performed off-site at a private hospital. *See* [28-1]. Based on the undisputed evidence, the undersigned finds that Dr. Rooks was an independent contractor.

Accordingly, because Dr. Rooks was not an employee of the government, the undersigned recommends that Jones's claims based on Dr. Rooks's actions or omissions be dismissed.

B.   Medical Malpractice Claims

Because the underlying events occurred at FCC-Yazoo, located in Mississippi, Mississippi substantive law applies. *See Wolfe v. United States*, No. 3:05cv412-HTW-LRA, 2010 WL 1374598, at *3 (S.D. Miss. Mar. 31, 2010). Under Mississippi law, the standard for medical malpractice is well-established, as follows:

> [t]o present a prima facie case of medical malpractice, a plaintiff, (1) after establishing the doctor-patient relationship and its attendant duty, is generally required to present expert testimony (2) identifying and articulating the requisite standard of care; and (3) establishing that the defendant physician failed to conform

6

>  to the standard of care. In addition, (4) the plaintiff must prove the physician's noncompliance with the standard of care caused the plaintiff's injury, as well as proving (5) the extent of the plaintiff's damages.

*Estate of Sanders v. United States*, 900 F. Supp. 2d 730, 733 (S.D. Miss. 2012), *aff'd*, 736 F.3d 430 (2013). In a medical malpractice case, "Mississippi law requires that a plaintiff must present expert testimony . . . 'to identify and articulate the requisite standard that was not complied with' and to 'establish that the failure was the proximate cause, or proximate contributing cause, of the alleged injuries.'" *Massey v. United States*, No. 5:11-cv-50-DCB-JMR, 2013 WL 594886, at *7 (S.D. Miss. Feb. 14, 2013) (citing *Hubbard v. Wansley*, 954 So. 2d 951, 957 (Miss. 2007)). The failure to present expert testimony on any one of the three elements of duty, breach of duty, and proximate cause of injury is grounds for summary judgment in a defendant's favor. *Estate of Sanders v. United States*, 736 F.3d 430, 436 (5th Cir. 2013).

In this case, Jones's lack of expert testimony is fatal to his medical malpractice claims against Dr. Rooks and the FCC-Yazoo medical staff personnel. Jones has failed to present expert testimony establishing the applicable standard of medical care, breach of the standard, or medical causation. *See Hannah v. United States*, 523 F.3d 597, 602 (5th Cir. 2008) (in FTCA case, expert testimony was required "to establish the applicable standard of care and to show how the care [plaintiff] received breached that standard"). Although there is a narrow exception when "the matter in issue is within the common knowledge of laymen," *Abdrabbo v. Johnson*, 220 So.3d 952, 956 (Miss. 2017), the Fifth Circuit has held that "the mode of treatment for an inguinal hernia is not a matter of common knowledge or within the general experience of a layman." *See Anderson v. United States*, 388 F. App'x 406, 407 (5th Cir. 2010) (affirming summary judgment dismissal of FTCA medical malpractice case where Plaintiff failed to provide

7

expert testimony regarding applicable standard of care); *see Weaver v. United States*, No. 3:17-cv-657-WHB-JCG, 2018 WL 5269800, at *3-4 (S.D. Miss. Aug. 9, 2018) (dismissing prisoner's FTCA medical malpractice claim due to lack of expert testimony).

Accordingly, because Jones has failed to support his medical malpractice claims with expert testimony, the undersigned recommends that those claims be dismissed.

C. <u>Negligence Claims</u>

In Mississippi, the elements for negligence are (1) duty, (2) breach of duty, (3) causation, and (4) injury. *Patterson v. Liberty Assocs., L.P.,* 910 So. 2d 1014, 1019 (Miss. 2004). The plaintiff must prove these elements by a preponderance of the evidence. *Id.* In a summary judgment context, "the plaintiff must rebut the defendant's claim (*i.e.,* that no genuine issue of material fact exists) by producing supportive evidence of significant and probative value." *Palmer v. Biloxi Reg'l Med. Ctr., Inc.,* 564 So. 2d 1346, 1355 (Miss.1990).

Jones contends that FCC-Yazoo personnel were negligent for failing to assign him to a bottom bunk. The BOP records show that during the time period Jones was at FCC-Yazoo, physicians had ordered that Jones have a "lower bunk" and placed a restriction of "No Upper Bunk." *See, e.g.,* [26-3] at 47-49. Yet, with the exception of approximately four of the eleven months that Jones was at FCC-Yazoo, FCC-Yazoo assigned him to an upper bunk, including immediately after his September 20, 2017, hernia surgery. *See* [26-2] at 2. On March 6, 2017, a physician issued a restriction of "No Upper Bunk," but from March 28, 2017, to July 2, 2017, FCC-Yazoo assigned Jones to an upper bunk. *See* [26-3] at 49, [26-2] at 2. In his complaint and a grievance, Jones states that on July 1 or 2, 2017, he went to FCC-Yazoo personnel and advised that he was in "unbearable" pain. [1] at 10, 18. And although the records show that he was

8

moved to a lower bunk for one day, FCC-Yazoo re-assigned him to an upper bunk from July 3, 2017, to August 4, 2017. *See* [26-2] at 2. From August 4, 2017, to August 29, 2017, FCC-Yazoo assigned Jones to a bottom bunk. *Id*. But FCC-Yazoo returned Jones to an upper bunk on August 29, 2017, and except for six days, he remained assigned to an upper bunk until October 24, 2017.[2] *Id*. FCC-Yazoo assigned Jones to a bottom bunk on October 24, 2017, but moved him back to an upper bunk from December 7, 2017, until the BOP transferred him on December 28, 2017. *Id*. Jones essentially claims that FCC-Yazoo personnel's breach of the duty to assign him to a lower bunk caused him pain and suffering and "contributed to [his] injury." [1] at 6, 20.

Jones also contends that FCC-Yazoo personnel were negligent for failing to timely schedule his right inguinal hernia surgery. The FCC-Yazoo medical records include Dr. Rooks's June 19, 2017, report that Jones's "very large right inguinal hernia . . . warrants urgent repair" and "probably should be repaired in the next two to four weeks." [26-3] at 59. Other medical records indicate that as of August 18, 2017, (more than eight weeks later), Jones's surgery apparently still had not been scheduled, and a physician noted, "PLEASE SCHEDULE RIGHT INGUINAL HERNIA SURGERY AS INDICATED. THANKS!!!" [26-3] at 14 (emphasis in original). This physician described the priority of the surgery as "Urgent" and set a target date of August 23, 2017. *Id*. Yet, Jones's surgery did not occur until September 20, 2017, more than thirteen weeks after Dr. Rooks's June 19, 2017, report. Jones claims that FCC-Yazoo personnel breached their duty to timely schedule his surgery, causing him additional pain and suffering.

In its motion, Defendant provided no explanation for why FCC-Yazoo personnel assigned Jones an upper bunk or failed to schedule his surgery as ordered by Dr. Rooks. The

---

[2] To his complaint, Jones attached a Request for Administrative Remedy form, dated August 24, 2017, in which he asserts a complaint about the bunk issue and having not received his surgery.

9

undersigned finds that Defendant has failed to show that it is entitled to summary judgment as a matter of law on these negligence claims asserted by Jones. Accordingly, the undersigned recommends that Defendant's motion be denied as to these claims.

IV.     Conclusion

For the reasons stated above, the undersigned recommends that the Motion to Dismiss, or in the alternative, Motion for Summary Judgment [26] be granted in part and denied in part. Specifically, the undersigned recommends that all of Plaintiff's claims based on Dr. Rooks's actions and omissions and all medical malpractice claims be dismissed with prejudice. The undersigned recommends that Defendant's motion be otherwise denied.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 3rd day of February, 2021.

/s/  F. Keith Ball
UNITED STATES MAGISTRATE JUDGE