IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ALEXANDRA JONES, JR.,
# 15092-030                                                                                     PLAINTIFF

VS.                                                        CIVIL ACTION NO. 3:20-cv-24-CWR-FKB

UNITED STATES OF AMERICA                                                              DEFENDANT

## REPORT AND RECOMMENDATION

Before the Court is the Motion for Summary Judgment [59] filed by Defendant United States of America in this action brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a). Plaintiff, Alexandra Jones, Jr., has responded to the motion, *see* [61], and Defendant has filed a reply [62]. For the reasons explained in this Report and Recommendation, the Court finds that the Motion for Summary Judgment [59] should denied.

As recounted in a previous Report and Recommendation [37], Jones is a federal prisoner in the custody of the Bureau of Prisons ("BOP"), who was incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi ("FCC-Yazoo"), from February to December 2017. [26-5]. He originally filed this FTCA action in April 2019 in the United States District Court for the Northern District of Alabama, and it was transferred to this Court in January 2020. [6].

In this action, Jones initially asserted (1) a medical malpractice claim for a physician's alleged failure to diagnose a left inguinal hernia, when performing surgery on his right inguinal hernia; (2) a medical malpractice claim for FCC-Yazoo medical staff personnel "failing to properly diagnose and diligently provide adequate medical treatment" for his hernias, [1] at 6-8; and (3) negligence claims for FCC-Yazoo personnel failing to assign him to a bottom bunk and timely schedule his right inguinal hernia surgery. The Report and Recommendation [37] recommended dismissal of Plaintiff's medical malpractice claims, but recommended denial of

summary judgment as to Plaintiff's negligence claims, stating that "Defendant provided no explanation for why FCC-Yazoo personnel assigned Jones an upper bunk or failed to schedule his surgery as ordered by Dr. Rooks." [37] at 9. The District Judge subsequently adopted the Report and Recommendation [37], *see* [43]*,* and a period of discovery followed.

Defendant has filed another motion for summary judgment on the remaining issues of negligence. Once again, Defendant has failed to provide any explanation for why FCC-Yazoo personnel failed to follow its own orders assigning him to a lower bunk, *see* [59-2] at 19, and failed to schedule his surgery promptly, as ordered by outside surgeon, Dr. Russell Rooks. *See* [26-3] at 59.

Although Defendant faults Plaintiff for failing to designate an expert to establish medical causation, the undersigned concludes that this case falls into the category of "less complex cases" where "causation may be understood with only common sense, [such that] causation may be proved by lay testimony alone." *Berry v. Southwest Airlines Co.*, Cause No. 3:07-cv-305-TSL-JCS, 2008 WL 3874368, at *2 (S.D. Miss. Aug. 15, 2008); *see also Divinity v. Allstate Ins. Co.*, Cause No. 3:17-cv-622-CWR-FKB, 2019 WL 7593363 (S.D. Miss. Sept. 11, 2019)(finding that no medical expert was needed to explain whiplash injuries from an automobile accident). Indeed, common sense dictates that no expert medical explanation is required to explain medical causation for Jones's damages claims, particularly his claims for pain and suffering during the delay of surgery and in relation to the top bunk. A brief review of the record demonstrates as much.

As for the surgical delay, Jones arrived to FCC-Yazoo in February 2017 with a notation of "inguinal hernia RIGHT" in his medical records. *See* [26-3] at 68 (emphasis in original). On

2

March 6, 2017, an FCC-Yazoo physician, Dr. R. Martinez,[1] requested a surgical consult for Jones's "baseball size right inguinal hernia that slides to the scrotum." *See* [59-2] at 7. On June 19, 2017, the outside surgeon, Dr. Rooks, described in a letter to FCC-Yazoo Medical Records that Jones had a 'very large right inguinal hernia, partially reducible. It warrants urgent repair. It is quite tender and probably should be repaired in the next two to four weeks." [26-3] at 59. About two months later, on August 18, 2017, Dr. R. Martinez requested an "URGENT SURGERY CONSULT," noted that on June 19, 2017, Jones had been seen by the surgeon who described his condition as "warranting urgent repair in the next 2-4 weeks," and pleaded "PLEASE SCHEDULE RIGHT INGUINAL HERNIA SURGERY AS INDICATED." *See* [26-3] at 14 (emphasis in original). During his August 18 visit with the doctor, Jones reported that the hernia was "bothering him," that the hernia belt did not help, and that he experienced "pulsing" pain on a scale of 6 out of 10. *Id.* at 10. He also described that the condition was exacerbated "when standing up and walking." *Id.* Although Dr. L. Martinez reviewed Jones's "consultation report" with him on September 6, 2017, *see* [59-2] at 3, Jones did not undergo surgery until September 20, 2017. *See* [26-3] at 4-8. The record is devoid of an explanation for the surgery's delay.

Turning to his bunk assignment, Dr. R. Martinez gave Jones a one-year lower bunk designation as early as March 6, 2017. *See* [59-2] at 19. As detailed in the Report and Recommendation [37], FCC-Yazoo did not consistently follow this designation and assigned Jones to a top bunk for approximately seven out of the eleven months he was at FCC-Yazoo,

---

[1] Defendant's Memorandum Brief refers to Dr. Roberto Martinez and Dr. Luisa Martinez as independent contractors, but provides no documentation of these factual assertions. *See* [60] at 4; Fed. R. Civ. P. 56(c)(1). While in an earlier filing, *see* [26-4], Defendant provided a copy of a "Notification of Award – Comprehensive Medical Services, FCC Yazoo City" in an effort to establish the "independent contractor" status of Dr. Rooks, the current filings fail to clarify the employment status of the foregoing doctors.

including immediately after his September 20, 2017 hernia surgery. *See* [37] at 8-9. Defendant has failed to provide any explanation, in affidavit form or otherwise, why the doctor's orders were not followed. And the undersigned concludes, based on its lay review of the record, with documentation by medical personnel, that a medical expert is not necessary to understand the nature of the pain and discomfort Jones endured when he climbed to a top bunk, and whether his symptoms were proximately caused by his inguinal hernia.

Accordingly, the undersigned finds that Defendant has failed to carry its burden at this juncture of the proceedings and recommends that summary judgment be denied. *See John v. State of Louisiana*, 757 F.2d 698, 708 (5th Cir. 1985)(finding that if the defendant fails to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied).

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 19th day of January, 2023.

                                                 /s/ F. Keith Ball
                                                 UNITED STATES MAGISTRATE JUDGE